# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 20 2015, 7:24 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| APPELLANT *PRO SE* | ATTORNEYS FOR APPELLEE |
|---|---|
| Jerry Wilson<br>Pendleton, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>George P. Sherman<br>Deputy Attorney General<br>Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerry Wilson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 20, 2015<br><br>Court of Appeals Case No.<br>18A05-1409-CR-455<br><br>Appeal from the Delaware Circuit Court; The Honorable Linda Ralu Wolf, Judge;<br>18C03-1205-FA-7 |

**May, Judge.**

Jerry Wilson appeals the denial of his motion for modification of sentence or for alternative placement. Wilson has not demonstrated an abuse of discretion.

We affirm.

## Facts and Procedural History

In 1996, Wilson was sentenced to fifty years in prison for committing Class A felony burglary. In July 2011, Wilson filed a "Verified Motion for Modification of Sentence, or in the Alternative, Motion for Alternative Placement," (App. at 3), and the trial court directed the State to respond. After it did so, the trial court denied Wilson's motion. In its order the trial court explicitly said it was denying Wilson's motion "due to the very serious nature of the offense for which he is serving an executed sentence of fifty (50) years."[1] (App. at 1.)

## Discussion and Decision

Ind. Code § 35-38-1-17(c) provides that if more than a year has elapsed since the convicted person began serving his sentence, "the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record." A decision to reduce or suspend a sentence is discretionary, *Catt v. State*, 749 N.E.2d 633, 643 (Ind. Ct. App. 2001), *trans. denied*, and the fact that the process

---

[1] Wilson asserts in his brief he "has an excellent conduct history (Apdx.E)" and the trial court "did not mention anything about conducting an evaluation on Wilson to determine if his conduct is good or bad." (Appellant's Br. at 2.) The part of the Appendix to which Wilson directs us says nothing about his "conduct history."

of rehabilitation may have started does not compel a reduction or other modification in sentence. *Id*.

[5] Before July 1, 2014, Ind. Code § 35-38-1-17(b) provided "the court may reduce or suspend the sentence, *subject to the approval of the prosecuting attorney*." (Emphasis added.) Under the version of the statute that was effective July 1, 2014, the prosecutor's approval is no longer required.

[6] Wilson asserts the trial court's decision "is in direct violation of the legislature's revision of the modification I.C. 35-38-1-17 statute for July 1, 2014." (Appellant's Br. at 3.) His argument appears to be based on the premise the trial court did not properly exercise its discretion because "the court shows no compliance to the new revision by (waiting) [sic] on the approval of the prosecuting attorney." (*Id*. at 4.)

[7] Wilson's concern is understandable. The State's answer to Wilson's petition was filed on August 19, 2014, some fifty days after the statutory revision had become law, yet the prosecutor said in that answer "the prosecutor must consent to any modification of said sentence. The State does not consent to such a modification." (App. C.) But at that time, the requirement that the prosecutor consent was no longer the law.

[8] Despite the prosecutor's misstatement of the law, we cannot find reversible error, as we must presume the trial court disregarded the misstatement. We presume the trial court knows the law, *Emerson v. State*, 695 N.E.2d 912, 919 (Ind. 1998), and Wilson has not provided us with evidence rebutting that

presumption. Nor did the trial court indicate it was declining to modify the sentence because the prosecutor purported to withhold consent. In fact, it explicitly noted it was aware of the statutory revision: "Court is aware of the revision in I.C. 35-38-1-17. As a practice this Court always provides for input from each party before rendering a ruling on a pending motion." (App. at 1.) As Wilson did not show the trial court believed the prosecutor's purported withholding of consent to be determinative, we need not reverse. *See Hedrick v. State*, 229 Ind. 381, 390, 98 N.E.2d 906, 910 (1951) (court will not reverse for errors that in no way prejudiced the substantial rights of the appellant).

[9] Affirmed.

Barnes, J., and Pyle, J., concur.